IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KIM KRISTINE MARTIN, )
 )
      Plaintiff, )
 )
v. ) 1:16CV171
 )
NANCY BERRYHILL, )
Acting Commissioner of the Social )
Security Administration, )
 )
      Defendant. )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Kim Kristine Martin, brought this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 1383(c)(3)), to obtain review of a final decision of the Commissioner of Social Security[1] denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Act. The Court has before it the certified administrative record, cross-motions for judgment, and two motions[2] by the Commissioner seeking leave to file a memorandum in excess of twenty pages.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI in April of 2012 requesting that the ALJ reopen the 2011 denial of her earlier filed claim and further alleging an inability to work

---

[1] Nancy Berryhill recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Act, 42 U.S.C. § 405(g).

[2] The Court will grant one of these motions and deny the other as moot.

since June 2011. (Tr. 42-43, 204, 214-22, 231, 233, 235.)[3] The application was denied initially and again upon reconsideration. (*Id.* at 157-60, 166-69.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") and at the July 17, 2014 hearing were Plaintiff, her attorney, and a vocational expert ("VE"). (*Id.* at 39-109.) The ALJ determined that Plaintiff was not disabled under the Act. (*Id.* at 10-32.) On January 20, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of review. (*Id.* at 1-7.)

## II. FACTUAL BACKGROUND

Plaintiff was 47 years old on the date the application was filed. (*Id.* at 31.) She had at least a high school education and was able to communicate in English. (*Id.*)

## III. STANDARD FOR REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It "consists of more than a mere

---

[3] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Docket Entry 7.)

2

scintilla" "but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner must make findings of fact and resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court does not conduct a de novo review of the evidence nor of the Commissioner's findings. *Schweiker*, 795 F.2d at 345. In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Hays*, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *See Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## IV. THE ALJ'S DISCUSSION

The Social Security Regulations define "disability" for the purpose of obtaining disability benefits as the "inability to do any substantial gainful activity by reason of any

3

medically determinable physical or mental impairment[4] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). To meet this definition, a claimant must have a severe impairment which makes it impossible to do previous work or any other substantial gainful activity[5] that exists in the national economy. 20 C.F.R. § 416.905(a); *see also* 42 U.S.C. § 1382c(a)(3)(B).

### A. The Five-Step Sequential Analysis

The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. § 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ must determine:

(1) Whether the claimant is engaged in substantial gainful activity (*i.e.*, whether the claimant is working). If so, the claimant is not disabled and the inquiry ends.

(2) Whether the claimant has a severe impairment. If not, then the claimant is not disabled and the inquiry ends.

(3) Whether the impairment meets or equals to medical criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1, which sets forth a list of impairments that warrant a

---

[4] A "physical or mental impairment" is an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

[5] "Substantial gainful activity" is work that (1) involves performing significant or productive physical or mental duties, and (2) is done (or intended) for pay or profit. 20 C.F.R. § 416.910.

4

finding of disability without considering vocational criteria. If so, the claimant *is* disabled and the inquiry is halted.

(4)  Whether the impairment prevents the claimant from performing past relevant work. If not, the claimant is not disabled and the inquiry is halted.

(5)  Whether the claimant is able to perform any other work considering both her residual functional capacity[6] ("RFC") and her vocational abilities. If so, the claimant is not disabled.

20 C.F.R. § 416.920.

Here, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since April 11, 2012, her application date. (Tr. 15.) The ALJ next found in step two that Plaintiff had the following severe impairments: liver disease, hepatitis C, degenerative disc disease, headaches, chronic obstructive pulmonary disease, asthma, hearing loss, mood disorder, anxiety, drug abuse, and alcoholism. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1. (*Id.* at 16.) At step four, the ALJ determined that Plaintiff could not return to her past relevant work. (*Id.* at 31.) At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there were jobs in the

---

[6] "Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of her impairment and any related symptom (*e.g.*, pain). *See* 20 C.F.R. § 416.945(a)(1); *see also Hines v Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory or skin impairments)." *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981).

5

national economy that she could perform. (*Id.* at 31-32.)

### B. Residual Functional Capacity Determination

Prior to step four, the ALJ determined Plaintiff's RFC based on an evaluation of the evidence. (*Id.* at 19-20.) Based on the evidence as a whole, the ALJ determined that Plaintiff retained the RFC to perform light work in that she could lift or carry ten pounds frequently and twenty pounds occasionally and could sit, walk, and stand, each for up to six hours in any combination as needed to complete a normal eight-hour workday. (*Id.* at 19.) The ALJ further concluded that Plaintiff could frequently climb ramps or stairs, but could never climb ladders, ropes, or scaffolds. (*Id.*) The ALJ further concluded that Plaintiff could frequently balance, and occasionally stoop, kneel, crouch, and crawl. (*Id.*) The ALJ next found that she must avoid exposure to workplace hazards, such as dangerous or moving machinery and unprotected heights, as well as extreme heat and contact with skin irritants. (*Id.*) The ALJ next found that Plaintiff must avoid concentrated exposure to atmospheric irritants. (*Id.*) The ALJ then found that Plaintiff required a quiet to moderate noise environment and was limited to simple, routine, repetitive tasks ("SRRT's"), consistent with unskilled work, further defined as consistent with a Specific Vocational Preparation rating of 1 or 2 as described in the Dictionary of Occupational Titles. (*Id.* at 20.)

### C. Past Relevant Work

The ALJ found at step four that Plaintiff was "unable to perform any past relevant work." (*Id.* at 31.)

6

### D. Adjustment to Other Work

The claimant bears the initial burden of proving the existence of a disability. 42 U.S.C. § 1382c(a)(3)(H)(i); 20 C.F.R. § 416.202-03; *Smith v. Califano*, 592 F.2d 1235, 1236 (4th Cir. 1979). If the claimant has established at step four that she cannot do any work she has done in the past because of her severe impairments, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy which the claimant could perform consistent with her RFC, age, education, and past work experience. *Hunter*, 993 F.2d at 35; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980). The ALJ found here that given Plaintiff's age, education, work experience, and RFC, there were jobs in the national economy that she could perform, such as a ticket taker, marker, and router. (Tr. 32.)

### V. ANALYSIS

In pertinent part, Plaintiff contends that the ALJ failed to properly account in the RFC for her moderate limitations in concentration, persistence, or pace ("CPP"). (Docket Entry 10 at 5-7.) For the following reasons, the Court agrees.

On March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case. Specifically, the Fourth Circuit remanded in *Mascio* because the hypothetical the ALJ posed to the VE, and the corresponding RFC assessment, did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate

7

difficulties in maintaining CPP.  *Mascio*, 780 F.3d at 637-38.

The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).  In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why moderate difficulties in CPP did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*[7]

Here, the ALJ determined at step three that the claimant had moderate limitations in CPP.  (Tr. 19.)  In support, the ALJ's assessment, in its entirety, was, "[t]he claimant has reported decreased concentration and neuropsychiatric testing in April 2012, showed some difficulty in understanding and following instructions.  While the claimant was diagnosed with memory lapses, these were attributed to medications and insomnia as well as her depression."

---

[7] Pre-*Mascio*, an ALJ's finding that a claimant had a moderate limitation, as opposed to a mild or no limitation, was generally insignificant.  *See Handy v. Comm'r, Soc. Sec. Admin.*, No. SAG-09-166, 2015 WL 9302972, at *3 n.4 (D. Md. Dec. 22, 2015) (unpublished).  The finding that potentially triggered a listing was that of a "marked" limitation.  *Id.*  Thus, the omission of a meaningful explanation to justify a "moderate" finding would likely have been, at most, harmless error.  *Id.* Now, post-*Mascio*, a reviewing court must understand the rationale behind a finding of moderate limitation to assess the validity of the presence or absence of corresponding limitations in an RFC. *Id.* An ALJ finding a moderate limitation, therefore, has to ensure that the precise nature of that limitation is addressed in sufficient detail.  *Id.*  Here, as explained below, the analysis in this case does not meet that standard.

(*Id.* at 19.) "Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *See Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH–14–2214, 2015 WL 2395108, at *3 (D.Md. May 19, 2015) (unpublished). Here, the ALJ did neither.

More specifically, the ALJ did not include a limitation in the RFC assessment that accounts for Plaintiff's moderate limitations in CPP. Instead, the ALJ concluded that Plaintiff "requires a quiet to moderate noise environment and is limited to simple, routine, repetitive tasks, consistent with unskilled work, further defined as consistent with a Specific Vocational Preparation rating of 1 or 2 described in the Dictionary of Occupational Titles." (Tr. 19.) Despite the Commissioner's arguments to the contrary (Docket Entry 13 at 18-23), this is not, by itself, a sufficient limitation to account for moderate limitations in CPP. There are, in fact, many post-*Mascio* cases stating that limitations like the aforementioned are, without more, insufficient to account for moderate limitations in CPP.[8]

---

[8] *See e.g., Patton v. Colvin*, No. 1:15CV616, 2016 WL 3417361, at *3-4 (M.D.N.C. June 16, 2016) (unpublished) *recommendation adopted* Slip Op. (M.D.N.C. July 13, 2016); *Taylor v. Colvin*, No. 1:14CV629, 2015 WL 4726906, at *6-7 (M.D.N.C. Aug. 10, 2015) (unpublished) *recommendation adopted* Slip Op. (M.D.N.C. Sept. 9, 2015); *Taylor v. Colvin*, No. 7:14CV00616, 2015 WL 4400534, *3 (W.D.Va. July 17, 2015) (unpublished); *Hemp v. Commissioner*, No. SAG-14-2855, 2015 WL 4111483, *3 (D.Md. July 7, 2015) (unpublished); *Winkler v. Commissioner*, No. SAG-14-2720, 2015 WL 4069334, *2-3 (D.Md. July 2, 2015) (unpublished); *Bailey v. Colvin*, No. 5:14-CV-0248, 2015 WL 2449044, *13 (D.S.C. May 21, 2015); *Talmo v. Commissioner*, No. ELH–14–2214, 2015 WL 2395108 (D.Md. May 19, 2015) (unpublished), *recommendation adopted*, slip op. (D. Md. June 5, 2015) (unpublished); *Scruggs v. Colvin*, No. 3:14-cv-00466, 2015 WL 2250890, *4-5 (W.D.N.C. May 13, 2015) (unpublished); *Salmon v. Colvin*, 1:12CV1209, 2015 WL 1526020, *2-3 (M.D.N.C. Apr. 2, 2015) (unpublished).

9

Nor did the ALJ here sufficiently explain why additional limitations were unnecessary to account for Plaintiff's moderate limitations in CPP. Although the ALJ gave a lengthy recitation of Plaintiff's treatment for her mental impairments, she did not specifically link any of this recitation to the mental RFC finding for what was essentially a limitation to SRRT's. (Tr. 25-30.) This recitation alone does not constitute an explanation for why Plaintiff's moderate limitations in CPP were sufficiently captured by a limitation to SRRT's.

Moreover, the Court is troubled by the ALJ's assessment of the non-examining state agency psychiatrists that evaluated the record. Specifically, the ALJ stated:

> Dr. Newman found the claimant with several marked limitations, including the ability to accept instruction or respond appropriately to criticism, interact with the public, and maintain attention and concentration for extended periods. However, he also found that claimant's use of drugs or alcohol was material to these findings. (Ex. 5 A, pp. 8-11). During the subsequent MRFC assessments, neither Dr. Lloyd nor Dr. Wax found more than a moderate limitation for any specific mental ability and both concluded that the claimant could perform simple, routine, repetitive tasks in a non-production, low social setting work environment (Ex. 1 A, pp. 11-13, Ex. 3A, pp. 13-15).
>
> .... The undersigned gives some weight to the MRFC findings as consistent with contemporaneous treating records.

(Tr. 30.)

In rendering this analysis, and giving "some weight" to the findings of Drs. Lloyd and Wax, the ALJ presumably gave some weight to their conclusions that Plaintiff should be limited to tasks in a non-production, low social setting work environment. Nevertheless, the ALJ never explained why she omitted these limitations from the mental RFC finding, nor did the ALJ explain why those limitations were unnecessary. Nor is the answer to this question

10

self-evident.[9] Consequently, the Court is left to speculate as to whether the ALJ, at least in part, tacitly discounted without explanation the opinions of Drs. Lloyd and Wax, or, instead, simply forgot to include the production pace limitation in the mental RFC finding. For these reasons, the undersigned cannot properly review this case for substantial evidence. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (noting that ALJ is required to draw "an accurate and logical bridge from the evidence to [the] conclusion").

The Commissioner's arguments to the contrary are not persuasive. First, the Commissioner contends that the ALJ's references in her decision to various treatment notes constitute an explanation as to why the mental RFC finding is sufficient. (Docket Entry 13 at. 20-22.) As explained above, however, the ALJ's recitation of the record evidence here does not sufficiently explain the apparent discrepancy between her step three finding (that Plaintiff suffered from moderate limitations in CPP) and her RFC assessment (limiting Plaintiff to SRRT"s) such that it is susceptible to judicial review. The ALJ did not meaningfully connect the treatment notes cited by the Commissioner to that discrepancy, and the undersigned is unwilling to infer such a connection where it does not appear clearly warranted.[10]

---

[9] This is especially so given (1) the ALJ's step three finding that Plaintiff had moderate limitations in CPP, (3) record evidence that Plaintiff showed difficulty understanding and repeating words and instructions, difficulty following instructions, and difficulty with her memory, and (3) the opinions of Drs. Wax and Lloyd, discussed further above. (Tr. 19, 26, 30.)

[10] *See, e.g., Talmo*, 2015 WL 2395108, at *3 (remanding where ALJ did not connect treatment notes cited by Commissioner with step three and RFC discrepancy on issue of moderate CPP) *compare with Tolbert v. Colvin*, No. 1:15CV437, 2016 WL 6956629, at *9 (M.D.N.C. Nov. 28, 2016) (unpublished) (affirming ALJ on similar issue where ALJ explained that the plaintiff did not seek mental health treatment and "acknowledged that none of her impairments affected her memory, her ability to

11

Second, and likewise, the Commissioner asserts that Plaintiff's argument is a conclusory claim of simple legal error, which is not grounded in the evidence. (Docket Entry 13 at 19.) However, this argument largely ignores the ALJ's step three finding that Plaintiff suffers from moderate limitations in CPP. The Commissioner's argument further fails to acknowledge the other evidence discussed herein,[11] and also begs the ultimate question at hand, which is whether the decision in question is subject to judicial review. As explained above, it is not.

Finally, in contending that the ALJ's mental RFC determination satisfied the dictates of *Mascio*, the Commissioner points to, among other things, the opinions of Drs. Wax and Lloyd, and characterizes them as concluding that Plaintiff is capable of maintaining CPP while performing SRRT's. (Docket Entry 13 at 26 *referencing* Tr. 121-22, 139-40.) This is indeed true, however, as explained above, Drs. Tovah and Wax also opined that Plaintiff should be limited to a non-production and non-social environment.

Consequently, the Court concludes that remand is proper so that the ALJ may build a logical bridge between the evidence of record and her conclusions. *Mascio*, 780 F.3d at 638 ("Perhaps the ALJ can explain why *Mascio*'s moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity . . .[b]ut because the ALJ here gave no explanation, a remand is in order.").

---

complete tasks, her ability to concentrate and understand things, or her ability to follow instructions"); *Wall v. Colvin*, No. 1:15CV01089, 2016 WL 5360682, at *6 (M.D.N.C. Sept. 23, 2016) (unpublished) (affirming ALJ on similar issue where "the ALJ expressly noted that both state agency consultants found that Plaintiff suffered moderate limitation in CPP, but that, despite that concentrational deficit, Plaintiff remained mentally able to perform work limited to SRRTs") (internal citation omitted), *recommendation adopted*, slip op. (M.D.N.C. October 14, 2016) (unpublished).

[11] *See supra* note 8.

None of this necessarily means that Plaintiff is disabled under the Act and the undersigned expresses no opinion on that matter. Nevertheless, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings. The Court declines consideration of the additional issues raised by Plaintiff at this time. *Hancock v. Barnhart*, 206 F.Supp.2d 757, 763-764 (W.D. Va. 2002) (on remand, the prior decision of no preclusive effect, as it is vacated and the new hearing is conducted).

## VI. CONCLUSION

**IT IS HEREBY ORDERED** that the Commissioner's amended motion for leave to file excess pages (Docket Entry 14) is **GRANTED** and the Commissioner's motion to exceed page limit (Docket Entry 11) is **DENIED** as moot. The Court has considered all of the pleadings of record.

**FURTHERMORE, IT IS HEREBY RECOMMENDED** that that the Commissioner's decision finding no disability be **REVERSED**, and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Plaintiff's motion for judgment (Docket Entry 9) should be **GRANTED** and Defendant's motion for judgment (Docket Entry 12) should be **DENIED**.

Joe L. Webster
United States Magistrate Judge

February 23, 2017
Durham, North Carolina